NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANNA BELYUS, PETITIONER, *v.* WILKINSON, GADDIS & COMPANY, RESPONDENT.

**Old Employe Died as Result of Burns—Only Question was Whether Burns Had Been Received While in the Course of Employment.**

On determination and finding of facts and rule for judgment.

\*　　\*　　\*　　\*　　\*　　\*　　\*

1. The admitted and proven facts in the case indicate that the deceased, Michael Belyus, died on August ——, 1925, as a result of severe burns which he received two days previously while in the course of his employment with the respondent, and which had continued without interruption for a period of thirty-two years.

It appears that up to six months of the time of the accident he had been employed in the stables, and on the substitution of motor trucks for horse-drawn vehicles, Belyus became a handy man in the garage. In view of his long and faithful years of service added to his inability to adapt himself to the changed conditions, he was given considerable latitude in his work. There is testimony tending to show that he performed some work around the garages on the day in question, and the crux of the case is whether the fire and subsequent death arose out of and in the course of the employment.

No person witnessed the accident. William H. Taylor, maintenance superintendent in charge of the rolling equipment and garage in Newark, testified that the deceased was very illiterate, and that "anything he did was satisfactory to me as I was directly over him." He was at once summoned to the scene, and noticed that fellow-employes were extinguishing fire in a pail, with nothing in the vicinity to indicate its original or to show what Belyus had been doing with the pail. His shirt had been burned off the body, the trousers burned in shreds, and part of the body reddened by the burns.

This witness assumed it was gasoline burning in the pail, which was located on the ground about one hundred feet from where Belyus was then standing, and he testified further that there were no lights or lighted furnace around, that he had not been known to smoke on the premises and "they never had seen him wash anything except a chassis once in a while."

Elmwood Helwig, foreman of the garage, in direct testimony, said that on being told by Mr. Stewart of the occur-

rence, they ran over and worked frantically to extinguish the flames. The deceased groaned and they practically tore the clothes off his back, in addition to playing the hose on him.

The only witness introduced by the respondent was Charles Stewart, who testified that he first saw the deceased in flames in the stable across the street from the garage, when he went over to get a tool. While endeavoring to extinguish the flames, he asked him what had happened, to which the sole reply was, "I was washing the little boy's pants." No other person had yet arrived on the scene, and Belyus was in very great pain and distress, and, of course, greatly excited. The testimony further indicates that Stewart had not seen any pants at the scene of the accident, and Mrs. Belyus testified she always did the washing for her family, and no pants of other wearing apparel was missing.

This is a summary of the testimony in the case. It is quite significant that nothing is mentioned anywhere of anything in the vicinity to indicate what was burning, beyond the inflammable liquid in the pail. No pants were visible, not even a buckle or a button remained to tell the tale. Surely if pants had been washed, some tangible evidence of this would have been found. Without questioning the veracity of the sole witness for the respondent, and laboring under the stress of strong excitement, it is quite possible that he misunderstood these few words of Belyus under the extraordinary circumstances.

I am, accordingly, of the opinion that the petitioner has met the burden of proving that the accident arose not only in the course of, but also out of the employment, and that she is entitled to compensation for herself and son on the basis of total dependency upon the deceased, and that the widow of the deceased conclusively proved the dependency, and there is a minor child of the age of fourteen.

The sole dependents are Anna Belyus, the widow of the deceased, and Joseph Belyus, a son, born on January 1st, 1913. Compensation is therefore based on forty per cent. of the wages of $22, or $8.80 per week, payable to Anna Belyus

for herself and son, until Joseph arrives at the age of sixteen years. Thereafter, the widow is entitled to thirty-five per cent. of the wages, or $7.70 for the unexpired period of three hundred weeks dating from the accident. Also the funeral expenses of $150 and hospital bill from the St. Michael Hospital, and counsel fee to be paid by the respondent.

\*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*